27 F.3d 569
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Narinder K. SAINI, M.D., Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of the Department of Health and
Human Services, Office of the Inspector General, and Steven
T. Kessel, Administrative Law Judge of the Department of
Health and Human Services, Defendants-Appellees.
 No. 93-2831.
 United States Court of Appeals, Seventh Circuit.
 Argued Jan. 18, 1994.
Decided June 16, 1994.
 
 Before FLAUM and ROVNER, Circuit Judges, and WILLIAMS, District Judge.*
 ORDER
 In this action, plaintiff-appellant Dr. Narinder K. Saini challenges his exclusion from the Medicare program as a provider of medical services. After the panel had heard oral arguments and taken Dr. Saini's appeal under advisement, the U.S. Department of Justice apprised the court by letter dated May 23, 1994 that Dr. Saini had been reinstated as a provider of Medicare services on May 13, 1994. Thereafter, on May 27, 1994, the court ordered the parties to submit supplemental briefs on or before June 7, 1994 as to whether this appeal had been rendered moot by Dr. Saini's reinstatement. On behalf of the appellees, the Department of Justice has submitted a brief contending that the appeal has become moot by virtue of Dr. Saini's reinstatement. Dr. Saini has not submitted a formal brief, but in a letter dated June 3, 1994, his counsel advised the court that "[a]fter a review of this matter, it is our position that the pending appeal may have been mooted by recent developments."
 Our review of the record leads us to agree that this appeal has become moot. The relief that Dr. Saini has sought is limited to reinstatement as a Medicare provider or, in the alternative, a shorter period of exclusion from the Medicare program. As the Department of Justice points out, Dr. Saini does not claim that the exclusion caused him compensable harm to his reputation, nor does he seek retroactive reimbursement for any services he may have provided during the period of exclusion. Cf. Papendick v. Sullivan, 969 F.2d 298, 300 n. 3 (7th Cir.1992), cert. denied, 113 S.Ct. 968 (1993). In the absence of any suggestion to the contrary by Dr. Saini, it therefore appears to us that any relief that the court might order at this juncture would be inconsequential in light of Dr. Saini's reinstatement.
 The appeal is, accordingly, DISMISSED as moot. We thank the Department of Justice for its well-written supplemental brief.
 
 
 
 *
 Of the Northern District of Illinois, sitting by designation